IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41453
Conference Calendar

_____

THOMAS C. DAVIS,

                                        Plaintiff-Appellant,

versus

JAMES A. COLLINS, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; JIMMIE E. ALFORD,
Warden of Michael Unit; PEGGY THOMPSON,
Coordinator of Interstate Corrections,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:92-CV-308
- - - - - - - - - -
February 10, 1999

Before BARKSDALE and EMILIO M. GARZA, Circuit Judges.[*]

PER CURIAM:[**]

    Thomas C. Davis, Texas prisoner # 342624, has filed an application for leave to proceed *in forma pauperis* (IFP) on appeal, following the district court's denial of his motion to reopen the time to file an appeal.  Davis also moves for leave to

_____

    [*]This matter is being decided by a quorum.  28 U.S.C. § 46(d).

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

amend his complaint and for appointment of counsel.  The motions for leave to amend and for appointment of counsel are DENIED.

By moving for IFP, Davis is challenging the district court's certification that IFP should not be granted on appeal because his appeal presents no nonfrivolous issues.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  The district court entered final judgment dismissing Davis' civil rights lawsuit on March 30, 1993.  Davis moved to reopen the time to file an appeal on September 12, 1997, more than four years outside the appeal period.

Rule 4(a)(1), Fed. R. App. P., requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken.  Rule 4(a)(6), Fed. R. App. P., is the mechanism for a party to obtain relief when he has failed to file a timely notice of appeal.  Davis has not met the requirements of Rule 4(a)(6) because he did not file the motion to reopen the appeal period within 180 days after the judgment or order was entered.  Accordingly, the district court was without jurisdiction to grant Davis an out-of-time appeal.

Davis' motion is also construed as a request in this court for leave to take an out-of-time appeal.  We have no authority to enlarge the time for filing the notice of appeal.  *See* Fed. R. App. P. 26(b)(1).

Accordingly, we uphold the district court's order certifying that Davis' appeal presents no nonfrivolous issues.  Davis' request for IFP status is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

We caution Davis that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Davis is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

IFP DENIED; MOTION FOR LEAVE TO AMEND COMPLAINT DENIED; MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.